UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YASMINE BASHA,

    Plaintiff,                                      CASE #

v.

GITLAB INC.

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, YASMINE BASHA, by and through the undersigned counsel, herein sues the Defendant, GITLAB INC. (Defendant) pursuant to 29 U.S.C. Section 201 *et seq.* of the Fair Labor Standards Act and for unpaid commissions and states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, YASMIN BASHA (Plaintiff), brings this action for violation of federal wage and hour laws pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201, *et seq.*, (the "FLSA"). Plaintiff alleges that she is entitled to unpaid overtime wages, as required by 29 U.S.C. Section 207.

2. The FLSA is our nation's foremost wage law. The overtime requirements of the FLSA were meant to apply financial pressure to spread employment to avoid the extra wage and to assure workers additional pay to

compensate them for the burden of a work week beyond the hours fixed in the act. *See In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 150 (2d Cir. N.Y. 2010). It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. § 213.

3. Plaintiff worked for Defendant under the job title of Payroll Analyst.

4. Plaintiff was employed with Defendant from approximately June 28, 2021, to December 21, 2023.

5. Plaintiff worked in a remote position working from her home located in Brooksville, Florida within this district. Plaintiff reported to a payroll manager who worked remotely from another state, and ultimately reported to the company's corporate office in San Francisco, California.

6. Throughout Plaintiff's employment with the Defendant, she was required to work in excess of forty (40) hours per week in order to complete her job duties and did so but without any additional payment or premium for overtime hours.

7. Pursuant to policy and plan, Defendant failed to pay Plaintiff a premium for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1).

8. The Defendant should have, but did not, compensate Plaintiff for all overtime hours worked in excess of forty (40) hours per workweek.

9. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

## PARTIES, JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. Section 1331, because this action involves a Federal Statute, 29 U.S.C. Section 201, *et seq.*

11. This Court has personal jurisdiction over this action because the damages at issue occurred in Hernando County, Florida which is within this district.

12. Venue is proper to this Court pursuant to 29 U.S.C. Section 216(b) and this district is where the damages arose from.

13. At all times relevant to this action, Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. Section 203(e)(1).

14. Defendant, GITLAB INC. Is a foreign Corporation, with primary business offices located at 268 Bush Street, Suite 350, San Francisco, California, 94104.

15. Defendant may be served through its registered agent, Corporate Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301-2525.

16. Gitlab is a software and SAAS company who self-proclaims that it provides "the most comprehensive AI-powered DevSecOps platform".

17. The overtime wage provisions set forth in 29 U.S.C. Section 207 applies to the Defendant under enterprise coverage, as they engage in interstate commerce under the definition of the FLSA selling its product and services nationally and internationally and have annual gross revenues of more than $500,000.00 over the past 3 years as well as employ greater than 50 employees.

## FACTUAL BACKGROUND

18. Plaintiff worked for Defendant under the job title of Payroll Analyst from June 28, 2021, until December 2023 when voluntarily separated or left the company.

19. Plaintiff's primary job duty was processing payroll using ADP and its software and database.

20. Plaintiff's job duties were routine, mundane and included the following: replying to emails and instant messages, making daily reports with data entry, processing new hires and terminations, process emergency payrolls, data entry for payroll, commissions, bonuses, stocks and garnishments, complete payroll, and making payments for taxes and 401k accounts.

21. Plaintiff's job was micro-managed by a payroll manager, and her weekly work was guided by standardized forms, manuals, guides and procedures she was expected to follow and not deviate from.

22. In the days leading up to processing payroll, typically 2 times per

month, the work hours commanded of Plaintiff substantially increased among other days during the months.

23. Plaintiff routinely worked on weekends, evenings during the Monday to Friday workweek, and essentially worked on call, answering and responding to messages and emails at all times and was expected to work and handle all these job duties and responsibilities regardless of the time and hours required to be completed.

24. All of Plaintiff's job duties were routine and standardized, and according to set procedures created by Defendant.

25. Plaintiff did not fire employees or hire employees.

26. Plaintiff did not supervise 2 or more full time employees as contemplated by the FLSA and executive exemption.

27. Plaintiff routinely worked in excess of 40 hours per week throughout her employment with Defendant, as much as 60 hours at times when processing payroll.

28. Defendant paid Plaintiff strictly on a salary basis and classified her at all times as exempt from overtime pay, but without any explanation as to the claimed exemption.

29. Throughout almost all of the term of Plaintiff's employment, Defendant did not track and record the work hours of Plaintiff; however, just prior to Plaintiff's separation from employment for a short period of time, Defendant sought to track

Plaintiff's work hours.

30. Defendant classified a large percentage of its workforce as exempt from overtime pay without any individualized analysis of the positions or the work being performed.

31. Despite regularly working in excess of 40 hours per week during her employment with Defendant, Plaintiff was never paid an overtime premium of any amount, either half time or a one and one-half his regular rate of pay for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1).

32. Plaintiff's job position was subject to the FLSA wage provisions.

## COUNT I
## Failure to Pay Overtime Compensation in Violation of the FLSA
## 29 U.S.C. § 201, *et seq.*

33. Plaintiff adopts and re-alleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

34. Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. Section 203(e)(1).

35. The Defendant is Plaintiff's "employer" within the meaning of 29 U.S.C. Section 203(d).

36. The overtime wage provision set forth in FLSA Section 207 applies to Defendant under enterprise coverage and Defendant knew it was required under the

FLSA to pay overtime premiums to non-exempt employees.

37. However, throughout all of Plaintiff's employment with Defendant she was not paid overtime compensation, or any additional pay for all hours worked in excess of forty (40) per week.

38. Plaintiff was expected and required to work more than 40 each week and handle all job duties and responsibilities regardless of the number of hours necessary to keep up.

39. At all times material, Defendant classified and treated Plaintiff as a salaried-exempt employee under the FLSA.

40. Plaintiff did not exercise the requisite discretion, management, and independent judgment with respect to matters of significance to be classified as exempt under the administrative exemption of the FLSA.

41. Plaintiff did not have disciplinary authority or discretion and was not involved in hiring and firing of employees.

42. Plaintiff's primary job duty did not require the exercise of independent discretion and judgment in matters of significance.

43. Plaintiff did not make decisions as an exempt administrator would, nor did she create policy.

44. Plaintiff did not "manage" a department or manage other employees.

45. Defendant is aware or should have been aware of the FLSA overtime

rate calculations, its provisions and exemptions, and knows, or should have known, that withholding overtime wages from Plaintiff constituted a willful violation of the FLSA.

46. Defendant knew that since Plaintiff did not have decision making authority and discretion, and did not interview, hire, fire or have discretion to discipline employees that she was a non-exempt employee and should have been paid overtime wages.

47. Defendant has thus willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime wages to Plaintiff for all hours worked in excess of forty (40) per week.

48. During the relevant time period, Defendant required Plaintiff, an employee under the FLSA, to regularly work in excess of forty (40) hours in a work week without payment of overtime. Defendant was aware Plaintiff was working over 40 hours routinely to perform her job duties.

49. Defendant knowingly and willingly failed to pay Plaintiff overtime premiums for all hours worked over 40 in each and every work week.

50. Defendant's action of willfully classifying Plaintiff as exempt from overtime premiums as what is generally considered to be a payroll clerk was a scheme created by Defendant to evade its overtime pay obligations as an employer under the FLSA, and the same amounts to "wage theft".

51. Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of Defendant in some manner or form electronically or in the hands of ADP related to her login times.

52. However, since Defendant did not track and record Plaintiff's work hours, Plaintiff may establish the hours she worked solely by her testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

53. As per the US Supreme Court in Brooklyn Savings, and Lynn's Foods, an 11th Circuit case, and black letter law, the separate agreement executed by Plaintiff does not and cannot waive her federally protected rights under the FLSA.

54. As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with Sections 207 and 216(b) of the FLSA.

55. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

## COUNT II
## BREACH OF CONTRACT

56. Plaintiff realleges and incorporates by reference all above paragraphs as if fully set forth herein.

57. Defendant has knowingly, intentionally and willfully failed and refused to pay to Plaintiff the full and complete amount of the commissions Plaintiff earned.

58. Plaintiff entered into a written commission contract with Defendant. This contract provided that Defendant would pay Plaintiff 22% commission of net profit of each load.

59. Plaintiff performed all of the duties and obligations required of her by Defendant that would entitle her to receive commissions.

60. Plaintiff has met all lawful conditions precedent to the earning of commissions.

61. Defendant has not paid Plaintiff for all of the commissions earned by Plaintiff.

62. Plaintiff has suffered financial harm as a result of Defendant's breach of contract.

**WHEREFORE**, Plaintiff, YASMIN BASHA, demands judgment against Defendant for overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, and reasonable attorneys' fees and costs (pursuant to section 216 of the FLSA).

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted on this 3rd day of July 2024.

/s/Mitchell Feldman, Esquire
Mitchell Feldman, Esq.

**Feldman Legal Group**
FL Bar No.: 080349
12610 Race Track Road, Suite 225
Tampa, FL 33626
mfeldman@flandgatrialattorneys.com
Mail@feldmanlegal.us
tel: 813 639-9366, fax: 813 639-9376
*Lead Counsel for Plaintiff*